**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRIAN WATKINS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-08-1134-HE |
| | ) | |
| S. WALDENVILLE, *et al.*, | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

On October 23, 2008, Plaintiff, a state prisoner appearing *pro se*, filed this civil rights action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights. At the time this action commenced, Plaintiff was a prisoner incarcerated at the Oklahoma County Detention Center. Plaintiff filed a motion for leave to proceed *in forma pauperis*, and on October 24, 2008, the Court granted Plaintiff leave to proceed *in forma pauperis*. The matter has been referred for initial proceedings in accordance with 28 U.S.C. §636(b)(1)(B) and (C).

By Order dated December 17, 2008, Plaintiff was directed to complete the necessary service papers and to forward them to the Clerk of this Court within 15 days for processing and issuance. A review of the file reveals that Plaintiff has not complied with the Court's Order in that the necessary service papers have not been returned to the Clerk for processing and issuance.

By Order dated February 25, 2009, Plaintiff was cautioned that failure to obtain service on defendants within 120 days of the filing of his complaint could result in dismissal of his action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The Court *sua sponte* granted Plaintiff until March 16, 2009, to obtain service upon defendants or to show good cause for failure to serve defendants.

On February 27, 2009, the Court's March 16, 2009 Order, addressed to Plaintiff was returned to this Court with the notation "Gone 10-31-08" written on the envelope.

More than 120 days have elapsed since Plaintiff filed his complaint, and, as of this date, Plaintiff has filed no response to the Court's Order, submitted no proof of attempted service, has not requested an extension of time to do so, and has not supplied the Court with a Notice of Change of Address. Thus, Plaintiff's action is subject to dismissal pursuant to Fed.R.Civ.P. 4(m).

Prior to dismissing the action, the Court must make a preliminary inquiry as to whether Plaintiff has shown good cause for his failure to effect timely service so as to require a mandatory extension of time under Rule 4(m). *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Plaintiff failed to respond to this Court's Order, and therefore, has not demonstrated any cause, much less good cause, for his failure to effect service within the required time.

Despite Plaintiff's failure to show good cause for a mandatory extension of time under Rule 4(m), the Court must further consider whether a permissive extension of time is warranted. *Id*. Consideration of the factors set forth in *Espinoza* demonstrates that a permissive extension of time is not warranted. *Id*. at 842. There is no indication that Plaintiff has attempted to serve any of the defendants or that any defendants have sought to avoid service. Moreover, this case does not involve complex service requirements. Although Plaintiff has been advised of the requirements of service and has been ordered to show cause for his failure to effect timely service, he has failed to do so.

Even though Plaintiff is a *pro se* litigant, he is required to follow the same rules of procedure governing other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993). Plaintiff's failure to effect proper service within the time limits prescribed by Fed.R.Civ.P. 4(m) is grounds for dismissal in the absence of justification for the failure. *See Jones v. Frank*, 973 F.2d 872, 873-874 (10th Cir. 1992).

## RECOMMENDATION

It is recommended that this action be dismissed without prejudice based upon Plaintiff's failure to serve defendants with summons and complaint within the time limits required by law.

## NOTICE OF RIGHT TO OBJECT

Plaintiff has a right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by April  14th , 2009. *See* LCvR72.1. Failure to make timely objection to this Report and Recommendation waives Plaintiff's right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral.

ENTERED this  25th  day of March, 2009.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE